UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALLAS WITTGENFELD and DANIEL A. BERNATH,

    Plaintiffs,

v.                                        Case No:   2:17-cv-202-FtM-99MRM

ROBERT LOCKETT, DIANE SHIPLEY, DON SHIPLEY and EXTREME SEAL ADVENTURES,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion for Entry of Clerk's Default (Doc. 26) filed on March 24, 2017. Plaintiffs contend that Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures have been served and have failed to plead or otherwise defend this case. (*Id.* at 1-2). Plaintiffs request entry of a clerk's default against Diane Shipley, Don Shipley, and Extreme Seal Adventures. (*Id.*).

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, however, the Court must first determine whether Plaintiffs properly effectuated service of process. *See Chambers v. Halsted Fin. Servs., LLC*, 2:13-cv-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). Plaintiffs have the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-Orl-37KRS, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Service for individuals is governed by Fed. R. Civ. P. 4(e). The Rule states:

> [A]n individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Additionally, Fed. R. Civ. P. 4(h) governs service of business entities. The Rule states that an entity must be served:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In this instance, Plaintiffs cite the Returns of Service (Docs. 14-16) filed on March 22, 2017 for the proposition that Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures were properly served. (*See* Doc. 26 at 2). Upon review, however, the Court finds

that Plaintiffs have not established effective service of process. *See Zamperla*, 2014 WL 1400641, at *1.

As to Diane Shipley and Don Shipley, the Returns of Service (Docs. 14-15) indicate that they were served by "Posted Property." Specifically, the Returns state that Defendants were served:

> By attaching a true copy of the Summons in a Civil Action and Complaint with the date and hour of service endorsed thereon by me to a CONSPICUOUS PLACE on the property of the within named person's LAST KNOWN RESIDENCE at the address of: 5701 Bar Neck Road, Cambridge, MD 21613 and Took Photographs of the Posting & Property.

(Doc. 14 at 1; Doc. 15-1).

Upon review, however, Plaintiffs' Motion fails to provide legal or factual support for the proposition that service by "Posted Property" is effective service pursuant to Fed. R. Civ. P. 4(e). (*See id.*). Without factual or legal support, the Court finds that Plaintiffs have not demonstrated that service on Diane Shipley or Don Shipley was effective or that their motion should be granted.

As to Extreme Seal Adventures, the Return of Service (Doc. 16) indicates that it was served via:

> TAMMY EDWARDS as OFFICE MANAGER who is Authorized to Accept Service, by HAND DELIVERING a true copy of the Summons in a Civil Action and Complaint with the date and hour of service endorsed thereon by me, at the address of: 403 Sunburst Highway, Cambridge, MD 21613 and informed said person of the contents therein, in compliance with the state statutes.

(Doc. 16 at 1).

Upon review, however, Plaintiffs' Motion does not provide legal or factual support for the proposition that service on Extreme Seal Adventures via an office manager is effective service pursuant to Fed. R. Civ. P. 4(h). Without factual or legal support, the Court finds that

Plaintiffs have not demonstrated that service on Extreme Seal Adventures was effective or that their motion should be granted on this ground.

Because Plaintiffs have not demonstrated that they properly served Defendants Diane Shipley, Don Shipley, or Extreme Seal Adventures, the Court finds that the Motion for Entry of Clerk's Default (Doc. 26) is due to be denied without prejudice to Plaintiffs' ability to renew the motion upon a showing of sufficient factual and legal support for the relief requested.

Accordingly, the Court hereby **ORDERS** as follows:

1) The Motion for Entry of Clerk's Default (Doc. 26) is **DENIED WITHOUT PREJUDICE**.

2) Plaintiffs must demonstrate that Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures were properly served **no later than June 9, 2017**. Failure to comply with this Order may result in Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures being dismissed from this action pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants.

**DONE AND ORDERED** in Fort Myers, Florida on May 18, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties