UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALLAS WITTGENFELD and DANIEL
A. BERNATH,

    Plaintiffs,

v.                                                                            Case No:   2:17-cv-202-FtM-99MRM

ROBERT LOCKETT, DIANE SHIPLEY,
DON SHIPLEY and EXTREME SEAL
ADVENTURES,

    Defendants.
_____/

## **ORDER**

Pending before the Court are Plaintiffs' Motion for Extension of Time to Serve Diane Shipley and Don Shipley (Doc. 33) filed on June 6, 2017 and Plaintiffs' Second Motion for Entry of Clerk's Default Against Extreme Seal Adventures (Doc. 34) filed on June 6, 2017. Defendants Diane Shipley and Don Shipley made responsive filings (Docs. 37-38) to Plaintiffs' Motions on June 8-9, 2017.  The Court addresses the issues raised by the Motions and the responsive filings below.

    **I.    Plaintiffs' Motion for Extension of Time to Serve Diane Shipley and Don Shipley (Doc. 33)**

In Plaintiffs' Motion for Extension of Time to Serve Diane Shipley and Don Shipley (Doc. 33), Plaintiffs reiterate their contention that Defendants Diane Shipley and Don Shipley have been served in this case.  (Doc. 33 at 1).  Notwithstanding this contention, Plaintiffs request an extension of time until July 28, 2017 to serve Defendants Diane Shipley and Don Shipley.  (*Id.* at 12).  In support, Plaintiffs make a number of startling contentions, which the Court declines to address at this time.  (*See id.* at 1-12).  Buried within these claims, however, is an

assertion that Defendants have a scheduled court appearance on June 28, 2017 and that Plaintiffs will attempt to have Defendants Diane Shipley and Don Shipley served at that time. (*Id.* at 12).

Defendants Diane Shipley and Don Shipley made a responsive filing (Doc. 38) to the Motion on June 9, 2017. Defendants ask that the Court "quash all of this." (*Id.* at 2). Specifically, Defendants argue that they have not yet been properly served and that Plaintiffs are harassing them. (*Id.* at 1-2).

## II. Plaintiffs' Second Motion for Entry of Clerk's Default Against Extreme Seal Adventures (Doc. 34)

In their Second Motion for Entry of Clerk's Default Against Extreme Seal Adventures (Doc. 34), Plaintiffs argue that Extreme Seal Adventures has been properly served. (*Id.* at 2). Plaintiffs – pointing to the previously filed Return of Service (Doc. 16) – contend that "service on that corporation was made at the address listed by that corporation as its address and was served on a person who stated she was authorized to accept service." (*Id.*). Thus, Plaintiffs seek a default against Extreme Seal Adventures. (*Id.* at 4).[1]

Defendants Diane Shipley and Don Shipley made a responsive filing (Doc. 37) on June 8, 2017. Defendants state that they "clearly understand that an attorney is required to file for a business being sued." (*Id.* at 1). Notwithstanding this acknowledgement, however, Defendants Diane Shipley and Don Shipley "merely submit" information from what they claim is the

---

[1] The "Wherefore" clause seeks the entry of a clerk's default against Diane Shipley, Don Shipley, and Extreme Seal Adventures. (Doc. 34 at 4). Plaintiffs' Motion, however, is entitled "Second Motion for Entry of Clerk's Default Against *Extreme Seal Adventures*" and does not include the names Diane Shipley or Don Shipley. (*Id.* at 1 (emphasis added)). Moreover, Plaintiffs' arguments are only focused on Extreme Seal Adventures. (*See id.*). Additionally, the Court notes that Plaintiffs are seeking an extension of time to serve Diane Shipley and Don Shipley. (Doc. 33). This request would not be necessary if those two Defendants had already been properly served. Thus, it appears to the Court that Plaintiffs' request for a clerk's default as to Diane Shipley and Don Shipley is a scriveners' error, which the Court need not further address.

2

"Official" Maryland Secretary of State website "showing that Extreme SEAL is not located at any hardware store." (*Id.* at 1). Defendants state that Plaintiff Bernath "has made an entry himself under some 'unofficial' website called Maryland Business Express to deceive the courts" regarding proper service of process. (*Id.*). Defendants claim they are being harassed by Plaintiffs. (*Id.*). Defendants Diane Shipley and Don Shipley move to quash service for Extreme Seal Adventures. (*See id.*).

### III.   Analysis

As an initial matter, the Court notes that it previously found that Plaintiffs had not demonstrated that service on Diane Shipley, Don Shipley, or Extreme Seal Adventures was effective or that their motion should be granted. (Doc. 29 at 3). After making that finding, the Court ordered Plaintiffs to demonstrate that Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures were properly served no later than June 9, 2017. (*Id.* at 4). The Court warned Plaintiffs that failure to comply with this Order may result in Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures being dismissed from this action pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants. (*Id.*).

In this instance, Plaintiffs still have not demonstrated that Diane Shipley, Don Shipley, or Extreme Seal Adventures have been properly served. Nevertheless, Plaintiffs have requested an extension of time to serve Defendants Diane Shipley and Don Shipley. (Doc. 33 at 12).

The Court notes that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Notwithstanding this time frame, however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, the Court finds that Plaintiffs have demonstrated good cause for an extension of time. Specifically, it appears that Plaintiffs are actively attempting to serve Defendants. Thus, the Court will allow Plaintiffs additional time to serve Defendants Diane Shipley and Don Shipley. The Court warns Plaintiffs, however, that the Court is not inclined to grant any further extensions of time to serve Defendants. Accordingly, Plaintiffs must demonstrate that Defendants Diane Shipley and Don Shipley have been properly served no later than July 28, 2017. If Plaintiffs fail to do so, then the Undersigned will recommend that this action be dismissed as to Defendants Diane Shipley and Don Shipley for failure to serve Defendants timely pursuant to Fed. R. Civ. P. 4(m).

Turning to Plaintiffs' Second Motion for Entry of Clerk's Default Against Extreme Seal Adventures (Doc. 34), the Court notes that it previously informed Diane Shipley and Don Shipley that because Extreme Seal Adventures is a business entity, it "may appear and be heard *only through counsel* admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02." M.D. Fla. R. 2.03(e) (emphasis added). Don Shipley and Diane Shipley acknowledged this fact in their responsive filing. (Doc. 37 at 1). Nevertheless, Don Shipley and Diane Shipley purport to make arguments on behalf of Extreme Seal Adventures in their responsive filing to Plaintiffs' Motion. (*See* Doc. 37). The Court cannot permit Don Shipley and Diane Shipley to make *any* arguments on behalf of Extreme Seal Adventures. Accordingly, the Court hereby strikes Defendants Diane Shipley's and Don Shipley's responsive filing (Doc. 37) and will not consider any arguments or requests contained therein.

In looking at the substantive issues raised by Plaintiffs' Second Motion, as stated previously, pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

4

affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, however, the Court must first determine whether Plaintiffs properly effectuated service of process. *See Chambers v. Halsted Fin. Servs., LLC*, 2:13-cv-809-FTM-38, 2014 WL 3721209, at *1 (M.D. Fla. July 28, 2014). Plaintiffs have the burden of establishing effective service of process. *See Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-cv-1811-Orl-37KRS, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Fed. R. Civ. P. 4(h) governs service of business entities. The Rule states that an entity must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Fed. R. Civ. P. 4(h). Fed. R. Civ. P. 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

In this instance, Plaintiffs cite the Return of Service (Doc. 16) filed on March 22, 2017 for the proposition that Defendant Extreme Seal Adventures was properly served. (*See* Doc. 26 at 2). Specifically, the Return of Service (Doc. 16) indicates that it was served via:

TAMMY EDWARDS as OFFICE MANAGER who is Authorized to Accept Service, by HAND DELIVERING a true copy of the Summons in a Civil Action and Complaint with the date and hour of service endorsed thereon by me, at the address of: 403 Sunburst Highway, Cambridge, MD 21613 and informed said person of the contents therein, in compliance with the state statutes.

(Doc. 16 at 1).

Upon review, however, the Court finds that Plaintiffs still have not established effective service of process as to Extreme Seal Adventures. *See Zamperla*, 2014 WL 1400641, at *1. Plaintiffs' Motion does not provide legal or factual support for the proposition that service on Extreme Seal Adventures via an "office manager" is effective service pursuant to Fed. R. Civ. P. 4(h). While Plaintiffs stated that "a review of the law shows that service was totally correct and proper," Plaintiffs have not submitted any legal authority to the Court on point. Without factual or legal support, the Court finds that Plaintiffs have not demonstrated that service on Extreme Seal Adventures was effective or that their motion should be granted on this ground.

Notwithstanding this failure, the Court points to specific provisions under the applicable Rules where Plaintiffs are plainly deficient. For instance, pursuant to Fed. R. Civ. P. 4(h)(1)(B), it is unclear whether Tammy Edwards as an "office manager" can be considered a "managing or general agent." The term "managing or general agent" is not well defined. A federal standard controls whether a person qualifies as an agent authorized to receive service. *Louis v. Roger Gladstone Law Grp.*, No. 12-80427-CIV, 2013 WL 12145975, at *4 (S.D. Fla. Feb. 6, 2013) (citing *National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)). Under this federal standard, courts have noted, however, that "the paramount purpose of the rules is to provide notice." *Id.* (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988)). "[T]he determination of who qualifies as an agent depends on the facts of the case." *Id.* (citing *Direct Mail*, 840 F.2d at 688). Courts have stated that "[s]ervice is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (citing *Direct Mail*, 840 F.2d at 688). Other courts have suggested that service is sufficient if "the belief that defendant will be apprised of the suits pending against it" is justified. *Manchester Modes, Inc. v.*

6

*Lilli Ann Corp.*, 306 F. Supp. 622, 626 (S.D.N.Y. 1969). Similarly, courts have stated that service is sufficient under the Rule if service is "made upon a representative so integrated with the organization that he will know what to do with the papers." *Montclair*, 326 F. Supp. at 842. This Court, however, has been unwilling to find that service on a "clerical employee" satisfies the requirements of service under the Rule. *Howard v. Otis Elevator*, No. 6:09-cv-948-ORL-19KRS, 2010 WL 916660, at *3 (M.D. Fla. Mar. 11, 2010).

In this instance, Plaintiffs have not provided any factual support suggesting that Tammy Edwards as an "office manager" is a "managing or general agent" under Fed. R. Civ. P. 4(h)(1)(B) such that the attempted service can be deemed proper. Specifically, without additional information, the Court cannot determine that service on Tammy Edwards justifies the belief that Defendant Extreme Seal Adventures will be apprised of the suits pending against it, *see Manchester Modes*, 306 F. Supp. at 626, or that service was made upon a representative so integrated with the organization that she would know what to do with the papers, *see Montclair*, 326 F. Supp. at 842. Without more, the Court cannot say that Extreme Seal Adventures was properly served pursuant to Fed. R. Civ. P. 4(h)(1)(B).

Similarly, pursuant to Fed. R. Civ. P. 4(h)(1)(A), the Court cannot find that Extreme Seal Adventures was properly served under the Florida statute for serving corporations. Fla. Stat. § 48.081 states:

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

7

    (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

    (2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

Additionally, this Court has previously noted that "[f]or service of process on an agent or employee of a corporation to be effective, the return of service must show the absence of the 'statutorily prescribed superior classes of persons who may be served.'" *Zamperla*, 2014 WL 1400641, at *1.

In this instance, it is not clear if the title of "office manager" can be considered a "general manager" under Fla. Stat. § 41.081(1)(b). Plaintiffs have provided no authority on this point. Moreover, even if an "office manager" can be considered a "general manager" under Fla. Stat. § 41.081(1)(b), the Return of Service is still deficient because it does not show the absence of the statutorily prescribed superior classes of persons who may be served. *See Zamperla*, 2014 WL 1400641, at *1. Specifically, the Return of Service does not show that the president or vice president, or other head of the corporation were not available for service. *See id.*; Fla. Stat. § 41.081(1)(b). Thus, Plaintiffs have failed to show effective service of process on this ground as well.

Finally, although Defendant Extreme Seal Adventures was purportedly served in Maryland, Plaintiffs have provided no legal or factual support that service was proper under Maryland law. *See* Fed. R. Civ. P. 4(h)(1)(A).

In this action, Plaintiffs have not demonstrated that they properly served Defendant Extreme Seal Adventures. Thus, the Court finds that Plaintiffs' Second Motion for Entry of Clerk's Default Against Extreme Seal Adventures (Doc. 34) is due to be denied without prejudice to Plaintiffs' ability to renew the motion upon a showing of sufficient factual and legal

support for the relief requested. While the Court is denying the relief requested, the Court grants Plaintiffs one final extension of time until July 28, 2017 to demonstrate effective service of Defendant Extreme Seal Adventures. The Court warns Plaintiffs, however, that if they cannot show that Extreme Seal Adventures was effectively served by that deadline, then the Undersigned will recommend that this action be dismissed as to Defendant Extreme Seal Adventures for failure to serve Defendants timely pursuant to Fed. R. Civ. P. 4(m).

Accordingly, the Court hereby **ORDERS** as follows:

1) Plaintiffs' Motion for Extension of Time to Serve Diane Shipley and Don Shipley (Doc. 33) is **GRANTED**.

2) Plaintiffs' Second Motion for Entry of Clerk's Default Against Extreme Seal Adventures (Doc. 34) is **DENIED WITHOUT PREJUDICE**.

3) Plaintiffs must demonstrate that Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures were properly served **no later than July 28, 2017**. Unless Plaintiffs can demonstrate that Defendants Diane Shipley, Don Shipley, and Extreme Seal Adventures were properly served by this time, the Undersigned will recommend these Defendants be dismissed from this action pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendants.

4) The filing (Doc. 37) by Don Shipley and Carol Diane Shipley is hereby **STRICKEN**. The Clerk of Court is directed to indicate on the docket that the filing (Doc. 37) is stricken pursuant to this Order.

5) The Court again admonishes Don Shipley, Carol Diane Shipley, and Extreme Seal Adventures that Extreme Seal Adventures must have an attorney to proceed in this

action.  *See* M.D. Fla. R. 2.03(e).  The Court will not accept filings for Extreme Seal Adventures made by non-attorneys.

**DONE AND ORDERED** in Fort Myers, Florida on June 15, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties