United States District Court
Middle District of Florida
Fort Myers Division

Dallas Wittgenfeld,   CASE NUMBER: 2:17-cv-202-FtM-99MRM

Daniel A. Bernath
Plaintiffs

vs.

Robert Lockett,
Diane Shipley,
Don Shipley,
Extreme Seal Adventures,

Defendants.

FILED 2017 JUN 21 PM 12:10 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA FORT MYERS FLORIDA

1. Plaintiff Wittgenfeld and Plaintiff Bernath Motion to Strike

Extreme Seal Adventure purported Motion to Quash.

2. Motion to bar any filing by Don Shipley and Diane Shipley

as they are practicing law in Florida without a license

after this Court Admonished them in a previous Order that they must not practice

law in Florida with a license

Comes now Plaintiff Bernath to move this Court to Strike Extreme Seal Adventures motion to quash and move this Court to bar any filing by Don Shipley and Diane Shipley. Extreme Seal Adventures motion was filed by persons who are not members of the Florida State Bar or any personally specially admitted to this Court's bar.

Defendants Extreme Seal Adventures, Don Shipley and Diane Shipley have been admonished by this Court in an Order, served upon them, that only a licensed attorney of the Florida bar may represent a corporation and that Don Shipley and Diane Shipley may not act as attorneys for a corporation.

Furthermore, Extreme Seal Adventure did not meet and confer prior to making this illegal motion to quash.

Extreme Seal Adventure did not send a copy of the Motion to Quash to Defendants and the Motion was only noticed when a plaintiff reviewed the file in www.pacer.gov

Furthermore, the motion does not contain Points and Authorities, is not double spaced and does not meet the filing requirements of a motion before this Court.

I am under a Virginia Court order (which defendants obtained through perjury) to not contact defendants and therefore was unable to meet and confer prior to the making of this motion.

June 20, 2017

*[signature]*

Daniel A. Bernath

1319 Kingswood FTM 33919

## Points and Authorities

Only members of the Florida Bar (or those specially admitted) may represent corporate clients before this Court. Fla. Stat. § 454.18

This Court has the inherent authority to bar the filing of any pleadings by Don Shipley and Diane Shipley after they have blatantly disobeyed this Court's Order and are practicing law in Florida without a license to do so. *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991)

This Court may strike a motion which has not been served on opposition parties. Rule 5. Serving and Filing Pleadings and Other Papers (a) Service: When Required. (1) *In General.* Unless these rules provide otherwise, each of the following papers must be served on every party:(B) a pleading filed after the original complaint (D) a written motion

## Certificate of Service

I served the foregoing on interested parties by US Mail on June 20, 2017