UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DALLAS WITTGENFELD and DANIEL
A. BERNATH,

    Plaintiffs,

v.                                        Case No:   2:17-cv-202-FtM-99MRM

ROBERT LOCKETT, DIANE SHIPLEY,
DON SHIPLEY and EXTREME SEAL
ADVENTURES,

    Defendants.
_____/

## ORDER

Pending before the Court is the filing by Don Shipley (Doc. 43), which the Court construes as a motion for reconsideration of the Court's June 15, 2017 Order (Doc. 39). Plaintiffs have not responded to the motion because the timeframe by which to do so has not yet expired. *See* Local Rule 3.01(b). Upon careful review of the motion, however, the Court finds that the motion is due to be denied. Moreover, the Court finds that a written response from Plaintiffs is unnecessary given that the Court resolves the motion in Plaintiffs' favor.

**I.    Legal Standard**

In reviewing a motion for reconsideration, the Court notes that reconsideration of a previous court order is an extraordinary remedy and, thus, is a power that should be used sparingly. *Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, No. 2:11-cv-578-FTM-29CM, 2015 WL 476163, at *1 (M.D. Fla. Feb. 5, 2015) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Nat'l Parks Conservation Ass'n*, 2015 WL 476163, at *1 (quoting *PaineWebber Income Props. Three*

*Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Nat'l Parks Conservation Ass'n*, 2015 WL 476163, at *1 (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). Unless the movant's arguments fall into one of these categories, the motion must be denied. *Id.*

A motion for reconsideration must set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision. *Id.* (citing *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993); *PaineWebber*, 902 F. Supp. at 1521). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Id.* (citing *Taylor Woodrow*, 814 F. Supp. at 1072-73). "A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has once determined." *Id.* Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the *extraordinary circumstances* supporting reconsideration." *Nat'l Parks Conservation Ass'n*, 2015 WL 476163, at *1 (quoting *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993); emphasis added).

**II. Analysis**

Among other things, the Court's June 15, 2017 Order (Doc. 39) granted Plaintiffs' Motion for Extension of Time to Serve Diane Shipley and Don Shipley (Doc. 33). In pertinent

part, the Court noted that Plaintiffs had stated that Defendants Diane Shipley and Done Shipley have a scheduled court appearance on June 28, 2017 and that Plaintiffs will attempt to have Defendants Diane Shipley and Don Shipley served at that time. (Doc. 39 at 2 (citing Doc. 33 at 12)). After review, the Court found that Plaintiffs had demonstrated good cause for an extension of time because it appeared that Plaintiffs were actively attempting to serve Defendants. (Doc. 39 at 4).

In his Motion, Don Shipley takes issue with the June 15, 2017 Order. (Doc. 43 at 1). Specifically, Don Shipley states:

> By allowing them to serve us in court, by granting their motion to extend time to our court date on June 28th against the Plaintiff Wittgenfeld, a date that has my wife sick already from those clowns, just gives them permission to disrupt court proceedings again and scare my wife before she testifies. It is nothing more than allowing them to Intimidate a witness before a trial.

(Doc. 43 at 1).

Mr. Shipley appears to construe the Court's order as approving a particular method of personal service. Additionally, Mr. Shipley states that this lawsuit and other past lawsuits between the parties "are all retribution from the Plaintiffs and Bernath has sued me personally in four states, seven times I believe, just to run up attorney bills as he acts Pro Se with frivolous litigations." (*Id.* at 24). Mr. Shipley "very respectfully ask[s] the court a final time to 'Quash' this nonsense and *not allow* those clowns to intimidate my wife and disrupt court proceedings in Maryland." (*Id.* (emphasis in original)). The Court construes this request as a motion to reconsider the Court's June 15, 2017 Order (Doc. 39) allowing Plaintiffs additional time to serve Diane Shipley and Don Shipley.

Upon review, the Court finds no basis to reconsider its previous finding that Plaintiffs demonstrated sufficient good cause for an extension of time. Plaintiffs have not persuasively

3

argued an intervening change in controlling law, the availability of any new evidence, or the need to correct clear error or prevent manifest injustice. The Court did not, as Mr. Shipley appears to suggest, approve any particular form of service proposed by Plaintiffs. The Court merely afforded Plaintiffs additional time in which to attempt the method of service Plaintiffs wish to attempt. The bottom line is that Plaintiffs appear to be actively attempting to serve Defendants. The Court seeks no reason to deny Plaintiffs additional time in which to do so properly.

Accordingly, the Court hereby **ORDERS** that the filing by Don Shipley (Doc. 43), which the Court construes as a Motion for Reconsideration of the Court's June 15, 2017 Order (Doc. 39), is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on June 29, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties